*Suffolk Superior Civil # 03-5693F*

✓

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CATHERINE HARRIS,

        Plaintiff,

      v.

GENERAL MOTORS CORPORATION,

        Defendant.

*U.S. DIST #*

No. _____ *04-10007-RWZ*

## **NOTICE OF REMOVAL**

General Motors Corporation ("General Motors") by its attorneys, Eckert Seamans Cherin & Mellott, LLC, respectfully files this Notice of Removal of the above-captioned matter to the Untied States District Court for the District of Massachusetts, pursuant to 28 U.S.C.A. §1441(a), and in support thereof states the following:

    1.    On December 3, 2003, Plaintiff Catherine Harris, filed a Complaint and Claim for Jury Trial against General Motors in the Superior Court of Suffolk County, Massachusetts at C.A. No. 03-5693F. General Motors was served with Plaintiff's Complaint on December 16, 2003. The Complaint is the only pleading in this matter (although other discovery has been served) and alleges causes of action against General Motors for negligence, breaches of warranties, and violation of M.G.L. c. 93A. A true and correct copy of the Summons and the Complaint, with the civil action cover sheet, of the state court matter is attached as Exhibit A.

    2.    As set forth in the Complaint, the Plaintiff is a citizen of the State of Florida.

    3.    General Motors is a Delaware corporation and has its principal place of business located in Detroit, Michigan.

    4.    Plaintiff is demanding an amount in controversy, exclusive of interests and costs, well in excess of the jurisdictional minimum set forth in 28 U.S.C.A. §1332(a).

{K0273420.1}

5.    This Notice of Removal is timely filed with the Court within the applicable limitations of 28 U.S.C. §1446(b).

6.    This Court has original jurisdiction of the above-captioned matter pursuant to 28 U.S.C. §1332(a) based upon diversity of citizenship and the amount in controversy. This action is, therefore, properly removed from the Superior Court of Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C.A. §1441(c).

WHEREFORE, General Motors Corporation respectfully requests that this matter be removed to the United States District Court for the District of Massachusetts.

. HEREBY ATTEST AND CERTIFY ON

JAN. 6, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.

Respectfully submitted,

GENERAL MOTORS CORPORATION

By its attorneys,

David Hobbie, Esquire
B.B.O. No. 637107
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
Telephone: (617) 342-6800
Fax: (617) 342-6899

Of Counsel:
Thomas Sweeney, Pa. I.D. No. 34615
Melissa Lightcap Cianfrini, Pa. I.D. No. 84787
Eckert Seamans Cherin & Mellott, LLC
Pa. Firm No. 075
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 566-5966

Dated: January 5, 2004

{K0273420.1}

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal, was served by First Class United States Mail, postage prepaid, this _5th_ day of January 2004, as follows:

Peter J. Black, Esquire
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA  02108-1922

_____
David Hobbie, Esquire

Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110-2602
Telephone: (617) 342-6800
Fax: (617) 342-6899

Attorneys for Defendant
General Motors Corporation

{K0273420.1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal, was served by First Class United States Mail, postage prepaid, this 5th day of January 2004, as follows:

Peter J. Black, Esquire
Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922

David Hobbie, Esquire

Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
Telephone: (617) 342-6800
Fax: (617) 342-6899

Attorneys for Defendant
General Motors Corporation

{K0273420.1}

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                              SUPERIOR COURT

                                                          No. 03-5693 F

```
CATHERINE HARRIS,

                   Plaintiff,

v.

GENERAL MOTORS CORPORATION,

                   Defendant.
```

## NOTICE OF FILING NOTICE OF REMOVAL

To:    Michael Joseph Donovan
       Clerk, Commonwealth of Massachusetts
       Suffolk Superior Court
       John W. McCormack Post Office and Courthouse
       90 Devonshire Street, 8th Floor
       Boston, MA  02109

       Please take notice that General Motors Corporation has filed a Notice of Removal of the

above-captioned matter from the Superior Court of Suffolk County, Massachusetts.  A true and

accurate copy of the Notice of Removal is attached hereto as Exhibit A, the original of which

was filed on January 5, 2004, in the United States District Court for the District of

Massachusetts.

{K0273424.1}

By operation of 28 U.S.C.A. §1446(d), the Superior Court of Suffolk County, Massachusetts, is directed to proceed no further unless and until this matter has been remanded.

Respectfully submitted,

David Hobbie, Esquire
B.B.O. No. 637107

Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
Telephone: (617) 342-6800
Fax: (617) 342-6899

Of Counsel:

Thomas Sweeney
Pa. I.D. No. 34615
Melissa Lightcap Cianfrini
Pa. I.D. No. 84787

Eckert Seamans Cherin & Mellott, LLC
Pa. Firm No. 075
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 566-5966
Fax: (412) 566-6099

Attorneys for Defendant
General Motors Corporation

Dated: January  5 , 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Filing Notice of Removal. was served by First Class United States Mail, postage prepaid, this ___ day of January 2004, as follows:

> Peter J. Black, Esquire
> Meehan, Boyle, Black & Fitzgerald, P.C.
> Two Center Plaza, Suite 600
> Boston, MA  02108-1922

_____
David Hobbie, Esquire

Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA  02110-2602
Telephone: (617) 342-6800
Fax: (617) 342-6899

Attorneys for Defendant
General Motors Corporation

*J0768784*

{K0273424.1}

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 03-5693F

CATHERINE HARRIS, Plaintiff(s)

v.

GENERAL MOTORS CORPORATION, Defendant(s)

## SUMMONS

To the above-named Defendant:

President or Other Officer in Charge
General Motors Corporation
CT Corporation, Resident Agent
101 Federal Street
Boston, MA 02110

You are hereby summoned and required to serve upon Peter J. Black, Esquire
Meehan, Boyle, Black & Fitzgerald, P.C.

plaintiff's attorney, whose address is 2 Center Plaza, Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 15th day of December, in the year of our Lord two thousand and three

_Michael Joseph Donovan_
Clerk/Magistrate

True copy Attest:
Deputy Sheriff Suffolk County

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

MAS-20030912
guen

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

01/06/2004
11:34 AM

## SUCV2003-05693
## Harris v General Motors Corporation

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 12/03/2003 | **Status** | Disposed: transferred to other court (dtrans) | | | |
| **Status Date** | 01/06/2004 | **Session** | F - Civil F | | | |
| **Origin** | 1 | **Case Type** | B05 - Products liability | | | |
| **Lead Case** | | **Track** | A | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/02/2004 | **Answer** | 05/01/2004 | **Rule12/19/20** | 05/01/2004 |
| **Rule 15** | 02/25/2005 | **Discovery** | 01/21/2006 | **Rule 56** | 03/22/2006 |
| **Final PTC** | 07/20/2006 | **Disposition** | 12/02/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Catherine Harris
Active 12/03/2003

**Private Counsel 044407**
Peter J Black
Meehan, Boyle, Black & Fitzgeral
2 Center Plaza, Suite 600
Boston, MA 02108-1922
Phone: 617-523-8300
Fax: 617-523-0525
Active 12/03/2003 Notify

**Defendant**
General Motors Corporation
Service pending 12/03/2003

**Private Counsel 637107**
David B Hobbie
Eckert Seamans Cherin & Mellott
1 International Place
18th floor
Boston, MA 02110
Phone: 617-342-6800
Fax: 617-342-6899
Active 01/06/2004 Notify

\*\*\* See Attorney Information Above \*\*\*

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/03/2003 | 1.0 | Complaint filed with request for trial by jury |
| 12/03/2003 | | Origin 1, Type B05, Track A. |
| 12/03/2003 | 2.0 | Civil action cover sheet filed |
| 01/05/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |
| | | General Motors Corporation  U. S. Dist.#(04-10007-RWZ). |
| 01/06/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

· HEREBY ATTEST AND CERTIFY ON

..JAN.  6. 2004 THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                    SUPERIOR COURT

| | |
|---|---|
| CATHERINE HARRIS, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO: |
| GENERAL MOTORS CORPORATION, | 03-5693 |
| Defendant. | |

## COMPLAINT AND CLAIM FOR JURY TRIAL

### FACTS

1.  The Plaintiff, Catherine Harris (hereinafter "Plaintiff" or "Ms. Harris"), resides at 393 Dawnview Court, Lake Mary, FL 32476.

2.  Defendant, General Motors Corporation (hereinafter "Defendant" or "GM"), is a Delaware corporation with a principal place of business in Michigan and is registered to do business in the Commonwealth and has a usual place of business in Massachusetts.

3.  Jurisdiction over GM arises from the Defendant's:

    (a)    transacting business in the Commonwealth of Massachusetts;

    (b)    contracting to supply services or things in the Commonwealth of Massachusetts;

    (c)    causing tortious injury by an act or omission in the Commonwealth of Massachusetts;

    (d)    causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts, and/or

    (e)    being registered to do business in the Commonwealth of Massachusetts.

4.    On or about December 14, 2000, Ms. Harris, a fully belted backseat passenger in a 1989 Chevrolet Corsica automobile, VIN 1G1LT54W9KY213588, manufactured and sold by the Defendant, GM, was injured when the car she was riding in skidded on ice and struck a tree on Plymouth Street in the Town of Middleboro, Massachusetts.

5.    As a result of the failure of Ms. Harris's restraint system, the seat belt rode up onto her abdomen during the accident sequence, thereby transferring the deceleration forces being generated during the accident to Ms. Harris's abdomen rather to the boney structure of her pelvis, which resulted in Ms. Harris suffering severe and permanent injuries, to incur past, present and future medical expenses and to suffer severe emotional distress.

COUNT I
(Negligence - GM)

6.    The Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 5.

7.    The defendant GM, a merchant with respect to goods of the kind involved, failed to use reasonable care when it initiated and participated in the manufacture and sale of the accident vehicle and its accompanying rear seat passenger restraint system. GM knew, or should have known, that the restraint system supplied with this vehicle was subject to failure during reasonably anticipated accidents and that if such a failure occurred, the user would be placed in great danger of being injured or killed. In spite of this, GM took no steps to inform Ms. Harris of the likely failure of the restraint system during accidents which would result in the decelerative forces being applied to the occupant's abdomen.

8.    The defendant, GM, knew or should have known of the dangerous and defective nature and condition of the vehicle and its restraint system and disposed of the vehicle in a way that GM foresaw or should have foreseen would probably result in use of the vehicle by persons such as Ms. Harris, who would likely be ignorant of the dangerous nature and condition of the vehicle.

9.    As the direct and proximate result of the defendant GM's negligence and carelessness, Ms. Harris was caused to suffer severe and permanent personal injuries and pain and suffering and emotional distress.

WHEREFORE, the Plaintiffs demands judgment against the defendant GM in a full, fair and just amount, together with interest and costs and for such other relief as may be appropriate.

## COUNT II
### (Breaches Of Warranties - GM)

10.   The Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 5.

11.   The defendant, GM was and is a merchant with respect to goods of the kind involved in the foregoing accident and expressly and impliedly warranted that the product and its component parts were merchantable and safe and fit for a particular purpose.

12.   The defendant GM had reason to know the particular purpose for which the goods were required and that the plaintiff was relying on the defendant's skill and judgment to select and furnish suitable goods.  The vehicle, its component parts, and the vehicle's warnings and instructions were defective, and, therefore, the product was not, in fact, merchantable or safe and fit as warranted by the defendant.

13.   The defendant GM, therefore, breached the warranties of merchantability and of fitness for a particular purpose with respect to the plaintiff.

14.   As the direct and proximate result of the defendant GM's breaches of warranties, Ms. Harris was caused to suffer severe and permanent personal injuries and emotional distress.

    WHEREFORE, the Plaintiff demands judgment against the defendant, GM in a full, fair and just amount, together with interest and costs and for such other relief as may be appropriate.

## COUNT III
### (Violation of M.G.L. c. 93A - GM)

15.   The Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 7 and paragraphs 10 through 14 of Count II.

16.   On September 25, 2003, counsel for Plaintiffs sent to GM a so-called 93A demand letter, making demand for settlement of Plaintiff's claims based upon the aforementioned breaches of express and implied warranties, and unfair and deceptive acts and practices. In its response, GM has failed to tender a reasonable settlement offer.

17.   GM, through its employees and agents, was on actual notice of the defective condition of the design of the vehicle and its restraint system prior to the subject accident but failed to warn the Plaintiff of those conditions making its violation of c. 93A knowing and willful.

    WHEREFORE, the Plaintiff demands actual and multiple damages against the defendant, GM pursuant to M.G.L. c. 93A, § 9 & 11, including costs and attorneys' fees.

- 3 -

CLAIM FOR JURY TRIAL

The Plaintiff hereby claims the right to a trial by jury on all counts of the complaint.

The Plaintiffs,
By her attorneys,

Peter J. Black, BBO No. 044407
MEEHAN, BOYLE, BLACK & FITZGERALD, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922
(617) 523-8300

Dated: December 3, 2003

. HEREBY ATTEST AND CERTIFY ON
JAN. 6, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY
ASSISTANT CLERK.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-5698F | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

PLAINTIFF(S) Catherine Harris

General Motors Corporation, Defendant

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Peter J. Black, Esq., Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600, Boston, MA 02108
617-523-8300
Board of Bar Overseers number:   044407

ATTORNEY (if known)

Board of Bar Overseers Number:

Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 summary Process Appeal(X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B05        Products Liability         ( A  )    ( x ) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses.................................................... $ ...160,000.00
2. Total doctor ................................................................. $
3. Total chiropractic expenses............................................. $
4. Total physical therapy expenses...................................... $
5. Total other expenses (describe)....................................... $
                                                           Subtotal $ ...160,000.00
B. Documented lost wages and compensation to date................... $
C. Documented property damages to date.................................. $
D. Reasonably anticipated future medical and hospital expenses....... $
E. Reasonably anticipated lost wages. ..................................... $
F. Other documented items of damages (describe)....................... $ ...0.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Ms. Harris was a fully belted backseat passenger in a 1989 Corsica, when the car skidded on ice and struck a tree. The failure of Ms. Harris's restraint system caused severe and permanent injuries.                                       $  2,000,000.00
                                                      TOTAL $  2,160,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                      TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:  N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide clients with information about court-connected dispute resolution services and discuss with then the advantages and disadvantages of the various methods

Signature of Attorney of Record _____    DATE: 12/3/03

AOTC-6 mtc005-11/99    A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

JAN. 6, 2003 , THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.