IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CATHERINE HARRIS,

   Plaintiff,

v.

GENERAL MOTORS CORPORATION,

   Defendant.

: No. 04-10007RWZ

## GENERAL MOTORS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

General Motors Corporation ("General Motors"), by and through its attorneys, Eckert Seamans Cherin & Mellott, LLC, serves the following Answer and Affirmative Defenses to Plaintiff's Complaint, and avers as follows:

## ANSWER

1. General Motors admits that Catherine Harris resides at 393 Dawnview Court, Lake Mary, Florida 32476.

2. General Motors admits that it is a Delaware corporation, with a principal place of business in Detroit, Michigan and does business within the Commonwealth of Massachusetts.

3. General Motors admits that this Court has jurisdiction on this matter based upon 28 U.S.C. §1331, but denies that it in any way caused plaintiff's injuries and denies that it is liable to plaintiff in any way.

4. General Motors admits that Plaintiff was a passenger in a 1989 Chevrolet Corsica (VIN 1G1LT54W9KY213588) that was involved in an accident on December 14, 2000.

{J0768346.3}

5. General Motors admits that it designed, manufactured, in part, and distributed a 1989 Chevrolet Corsica motor vehicle. However, General Motors has not had an opportunity to investigate the Plaintiff's claims, inspect the vehicle, or conduct discovery. Therefore, General Motors reserves the right to amend or revise its Answer as its investigation and discovery in this matter continue.

6. General Motors admits that it is a merchant of Chevrolet Corsica vehicles. It further admits that an express warranty was contained in the Warranty Booklet that was supplied with the subject vehicle at the time of purchase. General Motors denies that any implied warranties were given with the subject vehicle and further states that the Warranty Booklet disclaimed any and all implied warranties.

7. General Motors admits that it received a letter dated September 25, 2003 from Plaintiff's counsel. Plaintiff's allegation that it sent a "so-called 93A demand letter" are conclusions of law to which no response is required. To the extent, a response is required the "so-called 93A demand letter" did not comply with the requirements of Mass. G.L. c. 93A. Nonetheless, General Motors responded on October 22, 2003 and November 14, 2003 requesting additional information that was necessary for a proper evaluation of Plaintiff's claims. Plaintiff failed to adequately respond; therefore, General Motors had no obligation to tender a reasonable settlement offer.

8. General Motors denies all of the remaining allegations of fact contained in paragraphs 4 – 10, 12 - 15, and 17 of Plaintiff's Complaint pursuant to F.R.C.P. 8(b).

WHEREFORE, General Motors Corporation demands judgment in its favor, dismissing, with prejudice, the Plaintiff's Complaint and awarding all its costs and expenses of suit, including attorneys' fees, together with such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

7. The Plaintiff's Complaint, read in its entirety, may fail to state a claim or cause of action against General Motors upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

8. Some or all of the Plaintiff's claims may be barred by the expiration of the applicable statutes of limitations for such actions.

### THIRD AFFIRMATIVE DEFENSE

9. Plaintiff's claims may be barred because she assumed a known risk.

### FOURTH AFFIRMATIVE DEFENSE

10. There may be no proximate cause between any of the Plaintiff's alleged injuries and damages and any alleged act or omission on the part of General Motors.

### FIFTH AFFIRMATIVE DEFENSE

11. Any alleged act or omission on the part of General Motors was not a substantial factor in any of Plaintiff's alleged injuries and damages as the Plaintiff's injuries and damages were solely the result of acts, omissions or conduct of other persons or entities over which General Motors exercised no control.

### SIXTH AFFIRMATIVE DEFENSE

12. The acts and/or omissions of other individuals or entities, over which General Motors exercised no control, may constitute intervening or superseding causes for the injuries and damages allegedly sustained by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

13. Plaintiff's alleged injuries and damages may solely be the result of acts, omissions and/or tortious conduct of other persons or entities over which General Motors exercised no control.

### EIGHTH AFFIRMATIVE DEFENSE

14. Any of the damages alleged by the Plaintiff may be directly or proximately caused by Plaintiff's own contributory negligence and are therefore barred, in whole or in part.

### NINTH AFFIRMATIVE DEFENSE

15. To the extent that the "1999 Chevrolet Corsica" was, in fact, designed, manufactured in part and distributed by General Motors, the vehicle complied with all applicable Federal Motor Vehicle Safety Standards, which existed at the time the vehicle was originally designed, manufactured in part and distributed by General Motors. Therefore, the Plaintiff may not be entitled to recover against General Motors in this action.

### TENTH AFFIRMATIVE DEFENSE

16. The injuries and/or damages complained of may be the direct and proximate result of Plaintiff's failure to take all reasonable steps to reduce and/or mitigate the potential for damage. Therefore, the Plaintiff may not be entitled to recover against General Motors in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

17. The injuries and/or damages alleged by Plaintiff may be directly or proximately caused by the negligence of third parties over whom General Motors had no control prior to, or at the time of, the accident.

## TWELFTH AFFIRMATIVE DEFENSE

18. The injuries alleged by the Plaintiff may be the direct and proximate result of misuse and/or abuse of the vehicle.

## THIRTEENTH AFFIRMATIVE DEFENSE

19. The injuries and/or damages alleged by the Plaintiff may be the direct and proximate result of Plaintiff's failure to properly maintain the subject vehicle and/or seatbelts prior to and/or at the time of the accident.

## FOURTEENTH AFFIRMATIVE DEFENSE

20. The injuries and/or damages alleged by the Plaintiff may be the direct and proximate result of modifications made to the subject vehicle and/or seatbelts by persons or entities over which General Motors exercised no control prior to and/or at the time of the accident.

## FIFTEENTH AFFIRMATIVE DEFENSE

21. The subject vehicle and/or seatbelts may have undergone unforeseeable and substantial changes, alterations or modification after they left the possession, custody and control of General Motors, if, in fact, they were ever in the possession, custody or control of General Motors, and this is raised as a complete defense to some or all of Plaintiff's claims for damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

22. General Motors is entitled to a set-off from any recovery against it to the extent of any and all benefits paid or payable to or on behalf of Plaintiff from any and all collateral sources to the extent such a set-off is permissible under the law applicable to this case.

### SEVENTEENTH AFFIRMATIVE DEFENSE

23. To the extent that the "1999 Chevrolet Corsica" was, in fact, designed, manufactured in part and distributed by General Motors, the subject vehicle complied with the state of the art at the time it was designed, manufactured in part and distributed by General Motors. The methods, standards and techniques utilized by General Motors were in conformity with the generally recognized state of knowledge in the automotive field at the time of the manufacture of the subject vehicle.

### EIGHTEENTH AFFIRMATIVE DEFENSE

24. Plaintiff may have failed to join all necessary and/or indispensable parties to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### NINETEENTH AFFIRMATIVE DEFENSE

25. General Motors has not engaged in any unfair or deceptive act or practice in this case that would entitle Plaintiff to relief under Mass. G.L. c.. 93A.

### TWENTIETH AFFIRMATIVE DEFENSE

26. Plaintiff's unfair trade practice claims are barred because the acts complained of did not occur primarily and substantially in Massachusetts, as required under Mass. G.L. 93A.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

27. Plaintiff may have failed to give notice of her warranty claims within a reasonable time after the alleged injury, and General Motors may have been prejudiced as a result; therefore, Plaintiff's recovery against General Motors may be barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

28. The Plaintiff's claims may be barred by laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

29. General Motors reserves the right to amend, revise and add additional Affirmative Defenses that may be discovered during its investigation and/or discovery into this matter.

## CLAIM FOR JURY TRIAL

General Motors claims the right to a Trial by Jury on all Counts of the Complaint.

WHEREFORE, General Motors Corporation demands judgment in its favor, dismissing, with prejudice, the Plaintiff's Complaint and awarding all its costs and expenses of suit, including attorneys' fees, together with such other and further relief as the Court deems appropriate.

Respectfully submitted,

GENERAL MOTORS CORPORATION,

by its attorneys,

_____
David B. Hobbie
B.B.O. # 637107
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
Telephone: (617) 342-6800
Fax: (617) 342-6899

Thomas Sweeney
Pa. I.D. No. 34615
Melissa Lightcap Cianfrini
Pa. I.D. No. 84787
Eckert Seamans Cherin & Mellott, LLC
Pa. Firm No. 075
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 566-5966
Fax: (412) 566-6099

Dated: January 9, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint, was served by First Class United States Mail, postage prepaid, this 9th day of January, 2004, as follows:

>Peter J. Black, Esquire
>Meehan, Boyle, Black & Fitzgerald, P.C.
>Two Center Plaza, Suite 600
>Boston, MA 02108-1922

*/s/ David Hobbie*
David Hobbie, Esquire

{J0768346.3}

# ECKERT SEAMANS CHERIN & MELLOTT, LLC

One International Place
18th Floor
Boston, MA 02110
Telephone: 617.342.6800
Facsimile: 617.342.6899
www.escm.com

Boston

Haddonfield, NJ

Harrisburg

Morgantown, WV

Philadelphia

Pittsburgh

Washington, D.C.

February 9, 2004

**Via Hand Delivery**

Lisa Urso, Courtroom Clerk for The Honorable Rya Zobel
United States District Court For the District of Massachusetts
One Courthouse Way
Boston, MA  02210

RE: **Catherine Harris v. General Motors Corporation**
**United States District Court for the District of Massachusetts**
<u>**Civil Action No. 04-10007RWZ**</u>

Dear Ms. Urso:

Enclosed please find for filing and docketing, the Defendant General Motors Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint (the "Answer") in the above-referenced matter.

Kindly date stamp the enclosed copy of this letter along with the Answer and return to my courier who in turn will bring it to my office.

Thank you for your courtesy and attention to this matter.

Very truly yours,

*[signature]*

David B. Hobbie

*BWE/mhm*
*Enclosure*

cc:   Thomas J. Sweeney, Esq. *(with enclosure)*
       Melissa Lightcap Cianfrini, Esq. *(with enclosure)*

ECKERT SEAMANS
ATTORNEYS AT LAW

{K0275412.1}
David B. Hobbie, Esq.
617-342-6826
david.hobbie@escm.com