IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CATHERINE HARRIS,

    Plaintiff,

v.

GENERAL MOTORS CORPORATION,

    Defendant.

No. 04-10007RWZ

## STIPULATED PROTECTIVE ORDER

WHEREAS, discovery sought from General Motors Corporation ("General Motors") will involve production of documents and information that General Motors contends are, in whole or in part, confidential, competitively sensitive, trade secret and proprietary to General Motors;

IT IS HEREBY ORDERED, upon stipulation of the above enumerated parties as follows:

1. All documents, materials and information which are obtained from General Motors which do not constitute confidential, competitively sensitive, trade secret and proprietary information are not the subject of this Stipulated Protective Order.

2. Information which constitutes confidential, competitively sensitive, trade secret or proprietary information shall be stamped with a Bates Number as well as the phrase "Produced by General Motors Corporation Pursuant to a Protective Order" ("Confidential Matter"). In identifying information as confidential, General Motors represents that it has a good faith belief that the information is in fact confidential, competitively sensitive, trade secret or proprietary information.

Approved
[signature]
5/3/04

3. All Confidential Matter shall be securely maintained and kept confidential and distributed only in accordance with the terms of this Stipulated Protective Order.

4. Any attorney of record may object to the designation of any document produced by General Motors as "Confidential Matter" by writing a letter to counsel for General Motors identifying the Bates Number of the document objected to on the grounds that it is not properly designated as confidential. General Motors has thirty (30) days from the date of the posting of a letter objecting to the designation of a document as confidential in which to bring a motion for a protective order pursuant to Fed. R. Civ. P. 26(c); if the motion is not brought within the thirty (30) day period, the document or documents in question will be deemed non-confidential. If a motion for protective order is brought, the confidential status or the documents will remain intact except insofar as the Court may deny such motion.

5. Within the confines of this litigation, all parties and attorneys of record are free to share the information contained in the Confidential Matter with attorneys, paralegals, or other office personnel while working on the case or technical consultants and/or experts assisting any party and/or their attorney of record in the prosecution of this case, but no one else.

6. The attorneys of record for each party further agree that they will familiarize any attorney, paralegal, or other professional staff working on this litigation in their firm with the terms of this Stipulated Protective Order and instruct them that they are bound by the Order just as the attorney of record is bound by the Order.

7. Within the confines of this litigation, if the Confidential Matter is to be disclosed to technical consultants and/or experts to assist in the preparation of this matter for trial, the attorney of record for such party shall familiarize the individual to whom disclosure is to be made with the terms of the Stipulated Protective Order, and obtain his/her signature on the form

attached hereto signifying his/her agreement to be bound by the terms of the Stipulated Protective Order.

8. Any person shall, by reviewing the Confidential Matter, and experts or consultants by reviewing the Confidential Matter and signing the attached signature page of this Stipulated Protective Order, agree to Jurisdiction of the United States District Court for the District of Massachusetts, over their person for the purposes of any action seeking to enforce the terms and conditions of this Order or any action for contempt for violation of the terms of this Order.

9. Parties and their attorneys of record, technical consultants and/or experts shall neither advertise nor otherwise publish that they have obtained Confidential Matter from General Motors through discovery in this case whether described specifically or generally.

10. Parties and their attorneys of record, technical consultants and/or experts shall not otherwise sell, offer, advertise, publicize or provide under any condition the Confidential Matter provided by General Motors to any competitor of General Motors or others who might exploit the Confidential Matter for economic gain.

11. Plaintiff, Plaintiff's counsel, and technical consultants and/or experts (or other persons authorized to view confidential documents and materials by the terms of this Stipulated Protective Order) shall not disseminate Confidential Matter obtained through discovery from General Motors in this case for any reason, except that Plaintiff's counsel may do so at the express written request of other counsel who are actually involved in a substantially similar pending claim or litigation against General Motors involving an allegation of defect in a Type 2 safety belt installed in late 1987 to 1996 Corsicas, excluding the hatch-back, and late 1987 to 1996 Berettas. In that instance -

a)   All such materials shall be identified by Bates number or other specific identification and disclosed to counsel for General Motors in this present action;

b)   At the same time that such materials are shared with requesting counsel, such other counsel's identity must be disclosed to General Motors by name and address, and the case in litigation being handled by such other counsel must be identified by case caption, court jurisdiction, and docket number, any pending claims not in litigation must be identified by the claimant's name, date of accident, location of accident, and vehicle involved;

c)   Such identification of other counsel and the case in litigation or claim must be disclosed to General Motors at least thirty days prior to the dissemination to other counsel of the materials requested;

d)   Plaintiff's counsel must obtain a signed statement from each other's counsel recipient declaring that the recipient has received a copy of this Stipulated Protective Order and is bound by the terms of this Order to the same extent as counsel for Plaintiff in this action - except that such counsel recipient shall not re-disseminate such materials to any other counsel at any time. Other counsel recipient may only use such materials thrust in prosecution of the other identified case or claim and will disclose such materials only to counsel, office personnel assisting counsel, and technical consultants or experts assisting counsel, and recipient counsel shall enforce Paragraphs 6, 7, and 8 above with respect to all persons; and,

e)   Other counsel recipient shall agree, upon completion of the case litigation or claim in which they are involved against General Motors, to return those documents, materials, and/or information to counsel for defendant General Motors;

12.  Any notes, lists, memoranda, index or compilation prepared wholly or in part upon examination of Confidential Matter shall not be disseminated to anyone not authorized to examine the documents or materials produced.

13.  (a)  A deponent may, during the deposition, be shown and examined about Confidential Matter if the deponent first agrees to be bound by the terms of this Order by signing a copy thereof. Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Matter not provided by them or the entities they represent unless they sign a copy of this Stipulated Protective Order as stated in Paragraph 8 above. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about potentially confidential documents or information.

(b)  General Motors may, within 30 days of receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within deposition transcripts may be designated by marking such pages with "Confidential - Produced Under Protective Order in <u>Catherine Harris v. General Motors Corporation</u>". Any attorney of record may object to the designation of any portion of a deposition as confidential by General Motors as set forth in Paragraph 4 above. No copies of the original transcript shall be made or distributed until such designations are made by General Motors. At the time of the taking of a deposition where the deponent may be examined about potentially confidential information, counsel for General Motors may also designate portions of the transcript as confidential. If the transcript is to be filed with the Court, it shall be filed under seal with the Clerk.

5

14. (a) Confidential Matter may be used in connection with any pleading or motion provided it is submitted directly to the Court under seal pursuant to Fed. R. Civ. P. 26(c) and marked as follows:

> CONFIDENTIAL AND RESTRICTED: This envelope contains information that is subject to a Stipulated Protective Order of this Court. The contents are not to be revealed to anyone except the Court, or with prior written consent of the parties herein or pursuant to any further order of this Court. If the contents are thus revealed, they shall thereafter be resealed and retained as strictly confidential.

(b) Confidential Matter may be offered in evidence at trial or any court hearing under the following conditions. General Motors will have the right to move the Court for an order that the evidence be received in camera, under seal as described above or in a closed proceeding. The court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to such information at the trial. In the interim, the parties will continue to treat the evidence as confidential until the Court rules.

15. The parties of record reserve the right to address additional issues of confidentiality at the time of trial.

16. Upon final termination of this action, whether by settlement, dismissal or other disposition, this Stipulated Protective Order shall continue to be binding upon all attorneys of record, and the persons to whom the Confidential Matter has been disclosed. Further, upon final termination of this action, the original and all copies of Confidential Matter shall be returned to General Motors' counsel, Thomas J. Sweeney, Jr., Esquire, Eckert Seamans Cherin & Mellott, LLC, 44th Floor, 600 Grant Street, Pittsburgh, PA 15219, with the exception of attorney work product which will be destroyed by counsel for the respective parties.

| | |
|---|---|
| GENERAL MOTORS CORPORATION | CATHERINE HARRIS |
| By Their Attorneys, | By Her Attorney, |

*/s/ Melissa L. Cianfrini*
Thomas J. Sweeney
Pa. I.D. No. 34615

Melissa Lightcap Cianfrini
Pa. I.D. No. 84787

Eckert Seamans Cherin & Mellott, LLC
Pa. Firm No. 075
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 566-5966
Fax: (412) 566-6099

David Hobbie, Esquire
B.B.O. # 637107

Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
Telephone: (617) 342-6800
Fax: (617) 342-6899

Dated: March 30, 2004

*/s/ Peter J. Black*
Peter J. Black
BBO No. 044407

Meehan, Boyle, Black & Fitzgerald, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108-1922
Telephone: (617) 523-8300
Fax: (617) 523-0525

Dated: March 31, 2004

7